## WILCOX v. THE AMERICAN SAVINGS BANK.

1. AMENDMENTS.

Leave to amend the complaint so as to conform to the proof was properly granted in this case.

2. DISMISSAL—DAMAGES.

While the code provides for the assessment of damages upon the dismissal of an appeal for want of prosecution, it is not broad enough to cover cases wherein appeals are taken upon trivial grounds.

*Appeal from the District Court of Las Animas County.*

THIS is an action brought by appellee against the appellant upon six promissory notes alleged to have been executed by appellant, C. N. Swatzel and John McBride, and payable to the order of The American Savings Bank of Trinidad. The original complaint was entitled "American Savings Bank v. James Wilcox," and, *inter alia*, averred that the plaintiff was a corporation duly incorporated, etc. Defendant answered by a verified general denial. Over objection, the plaintiff was permitted to introduce in evidence a certificate of incorporation of "The American Savings Bank;" and also certain notes, set out in *hæc verba* in the complaint, with the exception that they were signed "C. H." instead of "C. N." Swatzel. Upon a motion for a nonsuit being interposed, because of a variance between this proof and the allegation of the complaint, and over the objection of appellant, the court allowed plaintiff to amend by inserting the word "The" before the name of the corporation in the title of the action, and "H" in lieu of "N" as the initial letter of Swatzel's middle name. Upon being denied further time to plead to the complaint as amended, appellant declined to introduce any testimony, whereupon the court rendered judgment in favor of appellee for the amount of the notes and interest. Appellant assigns error upon the action of the court below in admitting the foregoing evidence, and allowing the amendment specified.

Messrs. NORTHCUTT & FRANKS, for appellant.

Mr. W. B. MORGAN and Mr. W. H. SPENCER, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

It is apparent from this record that the omission to prefix the article "The" to the name of plaintiff bank, and the mistake in the initial letter of Swatzel's middle name, were mere clerical errors that could not possibly mislead the appellant as to any defense he may have had to the notes in question; nor could their correction by amendment upon the trial in any way inure to his prejudice. He was informed of the identity of the notes sued on by the face of the complaint itself, and by the copies there set out he was advised that The American Savings Bank was the payee, and was in fact the plaintiff; and also that they were the notes he executed in conjunction with C. H. Swatzel. It is too plain to admit of controversy that the court below, in allowing the amendments complained of, acted clearly within the purview of section 78 of the code of civil procedure, and would have violated both its letter and spirit had it not permitted them to have been made.

The further objection to the testimony of the witness Robinson is equally without merit. It is to be regretted that section 391 of the code, which provides for the assessment of damages upon the dismissal of an appeal for want of prosecution, is not broad enough to cover cases wherein appeals are taken upon trivial grounds, but since it is not, we can do no more than simply affirm the judgment of the court below, which is accordingly done.

*Affirmed.*